Good morning. The first case for the morning will be Lawrence Walker v. Michael J. Astrue Commissioner Mitchell Good morning, your honors. My name is Zinfred Mitchell. I represent Mr. Walker and I also represented Mr. Jeffrey Garris and their social security disability cases. Your honor, gentlemen of the court, it's my position that I have done the work that is appropriate in seeing the beginning and the end of these cases. I've had the contingency agreement with the claimants. I represented them diligently throughout the process. I did not delay their cases in any type of way or manner. I did my work in accordance to what was expected of me and my work resulted in a favorable decision in both cases. As a result of that, gentlemen, I believe that I should be fully compensated as per the fee agreement which is in compliance with the Commissioner's regulations in both cases and be paid accordingly. Mr. Mitchell, granting all of that, you're confronting an order from the district court that's denied you those fees. How do we find our way to a determination that you're entitled to them under some rule? Specifically, let me ask you about 54D2 which addresses a motion for returning fees. Is that right? I believe so, your honor. It requires that a motion for fees be filed no later than 14 days after the entry of judgment unless a statute or court order provides otherwise. Is there some statute or court order that provides otherwise that would somehow render this 14-day period ineffable? Yes, sir, there is. And I would say this. Under the Social Security Act, there is no time limit that is produced or enforced upon the parties to file their fee petitions by. Furthermore, in Pierce v. Barnhart and in Bergeson v. the Commissioner, those cases specifically state that the court, if they want to expect or have an expectation of time limits on the parties to file fee petitions, they have the right to set such time limits in their orders when they send a case or make a decision rendering a remand. In either case, that was not done by the lower court at all. There was no time limit. There was no specific date set as to when a fee petition should actually be filed or expected to be filed in these cases. And justifiably so. When these cases are before the court, it takes time for the administrative law judge, when they remand it, to have hearings take place. In one case, it took over a year and nine months, which is far beyond the time period in which you have mentioned in Rule 54B, before even the ALJ decision is issued. Then after that, you have 60 days and before that ruling becomes final. And then after that, there's computations that must be done by the local office to determine how much is supposed to be actually issued or honored in that particular case. But does it make sense to have a system that is intended to compensate people who, in most instances, really need support for essentials of life, to have no deadline for the filing of counsel fees when the distribution to the claimant is dependent upon counsel fees being taken out before the distribution? I mean, is that a tolerable situation? Well, Your Honor, I understand that argument. In fact, I wish they did impose time limits as far as making decisions and issuing awards as far as what the amounts of monies are due and so forth. It would make my job a whole lot easier. It would also help claimants as well. But as you know, and as I mentioned in both of my briefs, the ODAR, which is the Office of Disability Adjudication and Review, which hears these initial cases, they're more than two years behind in rendering decisions for claimants that haven't even made it this far. Even when they do, you've got a process in which they must calculate benefits. And the reason being, there are so many issues that must be considered. Whether they made any income, whether there was any substantial gainful activity during that waiting period, was there any incarceration, was there any dependency, was there any other financial things that caused the distribution to be less or greater than what is actually calculated? There's so many factors, and the local office is doing the best they can on a limited staff, as well as the ALJs here on a limited staff. But that may justify a rule that has the time period starting when the calculation has been made. But in these cases, there's three or four years, three years in one case and four years in another, expired after, I think, after the calculation had been made. Well, that's another issue, Your Honor. I was not notified even of the calculations itself when they were actually done. The claimants were paid. Whenever those calculations were done, the claimants were paid and their money was not delayed in any form or fashion. All the work that I did, that I was responsible for, from making sure that their case got from the beginning to the end point so that they could receive calculations, the claimants received their money and were paid and were not delayed in any part by my actions of filing my fee petition. Now, Mr. Mitchell, you have a social security practice, I take it. Yes, sir, Your Honor. Now, wouldn't your – would it be unusual for your clients not to have notified you that they were notified, that they prevailed? Well, I understand what you're saying, Your Honor, but believe it or not, it happened. I'm not saying it couldn't have happened, but wouldn't there be – I understand your position is you didn't get notified of the decision, but like you just said, your clients did because they were beginning to get social security payments. Well, here's – and to answer that, I have to explain a little bit so that you have a bigger picture of this, and it's a lot to explain in such a short period of time, but I'll do the best I can. In these cases, Your Honor, you have SSI, which is supplemental security income, and you have social security disability insurance benefits, and if the claimant worked and was injured, which in a lot of cases they are, I believe that happened in Mr. Walker's case, there's workman's compensation, that offsets against those different things, and it takes time to calculate that. In cases where there was SSI, today social security withholds the money to pay the attorneys, and there's not a problem with that. Back then when these cases were adjudicated, they were paying the claimants directly, and it was an issue for attorneys to actually collect and get the money. Not that claimants are thieves or dishonest or anything like that, but picture it from their position, if we can. You have a claimant that has been waiting for years on these benefits, they're injured, their only source of income is probably public assistance, which is roughly $210 a month with food stamps. They have rent and other things due, and it's just overwhelming for them, and it puts them in a very bad financial position. Them knowing that someone represented them and that it was a process to get them in a case, with the Social Security Administration then not withholding funds for them, and they get this big lump sum, they have bills to pay, and people are urgently pursuing them, they're paying their bills. And they feel, well, hey, I waited, the attorney can wait, I'll eventually get to them. And it puts me and other people like me, I can only speak for myself, in this vicarious position. You expended all your money, your time, your efforts in doing the case, and then, and God forbid, if you have to come all the way up to federal court or come before you gentlemen, I love seeing you. But even at that, you've got to do all that, all this time has passed, all the expenses. I'm sure you'd prefer not to get another invitation any time soon. Understood. But understand my plight and where I stand. A man in my position where this is my livelihood that I earn, I'm not asking anyone to give me anything. Let me just ask you one thing. When you were before the district court on the fee petition, how did you feel? Other than your motion for fees, which was denied on the basis that it was untimely. Were you ever asked to present or given the opportunity to present information that you had not been notified of the award? Absolutely not. In fact, I'm glad you asked me that question. If you look in my brief, there was a letter addressed to the district court judge. And I was hesitant in sending it, but I felt it was necessary to send. I also sent opposing counsel a copy of the letter. In fact, before I even sent the letter, I called opposing counsel and asked them, and I told them my intentions to send this letter. I sent the letter explaining my position. And this was a letter dated October 8, 2007. I won't recite it. It's in my brief. But basically, I asked just those questions. I said, in the letter, in sum, I filed this petition. I know that the court is usually diligent in dealing with these matters. Is there something wrong? If there is something wrong, please let me know. I mean no offense in sending this letter, but this letter is more so an inquiry. I've made previous calls about this case. The case sat for more than a year, waiting for a decision or notification. I didn't want to bother the clerks. I didn't want to bother other individuals in the court. Just let me ask this postscript to my prior question. Wouldn't it have been better in your motion if you had stated that you had not been notified in a timely fashion? I believe I did. But if I didn't, because I'm not looking at it at this point, I made it very clear on what the amounts were. And if the amounts that I was requesting was in dispute or inaccurate, opposing counsel had the opportunity to at least contact me and say, Mr. Mitchell, you're asking for too much. This is an appropriate amount, etc. I didn't receive anything like that. And I did everything in the most prudent manner and in a respectful manner to try to make resolution to this, get resolution, and also get a resolution. And I was denied that. As I was saying earlier, gentlemen, I don't want anyone to give me anything. I believe in earning my way, doing my way, and doing my work right. I want to represent claimants right. Good morning, Your Honors. Robert W. Cozman for the Commissioner of Social Security. Michael J. Astrew. First, if the court wishes, the clerk emailed me a letter asking that we respond and provide certain information to the court that I received it last Friday. And with respect to the second inquiry that the clerk's mentioned, the name of the document is not mentioned in the document. The name of the document that advises a claimant of the amount of the past two benefits is known as the award notice. Could you keep your voice up? It's known as the award notice. I'm sorry, Your Honors. I'm having some difficulty hearing you. The name of the document that notifies a successful claimant of the amount of the past two benefits is known as the award notice. Oftentimes, you see it referred to in the decisions as the notice of award. Now, the second question the court asked was, with respect to the ruling and regulation, the only ruling, regulation, or other written guidance establishing the date by which Social Security must issue its computations of the amount of past two benefits is set forth in a POM section, and that's the Program Operating Manual System. Which outlines the standards, internal standards. It's a guidance. It sets forth the standards the Social Security uses to process claims. And it's set forth in POM section SI04030.70, which provides that in SSI cases, and in this case, SSI was not an issue. But I'm responding now to the clerk's letter. That particular POM section provides that in SSI cases, where the ALJ, Administrative Law Judges Appeals Council, or a court awards SSI benefits to a claimant, and the redetermination process. In SSI, there has to be an evaluation of financial eligibility, and effectuation, which means paying the claim and sending out the notice, is not completed within 20 days. This POM section says it must be completed as soon as possible, but no later than 60 days. That's the only provision we found that any regulation or rule that used the word must, and in conversations I had, it's my understanding that even though that provision says must as a practical matter, that is a goal. As opposed to, you know, a firm standard, because sometimes a goal can't be met because of staffing needs and so forth. Now, in any event, Your Honor, the issue in this case is whether the district court abused its discretion. Before you go on, did I correctly understand you to say that there is no agency rule with respect to what's involved in this case? With respect to a time limit, or aspirational, or otherwise? For issuing a notice of past benefits, there is not, Your Honor. No, there is not. You heard my question to Mr. Mitchell about the language of 54D, and specifically with respect to the provides otherwise language. Is Section 406B a statute that you could say provides otherwise for purposes of rendering the 14-day period here inapplicable? Section 406B itself does not contain any limitations period, but two courts of appeals that have addressed the issue, the Fifth Circuit in the Pierce case and the Eleventh Circuit in the Bergen case, found Federal Rule of Civil Procedure 54D2 was applicable to the case. With respect to determining the timeliness of a Section 406B motion, the Fifth Circuit did not state with exactitude when that time period would begin, and the Eleventh Circuit explicitly left open the starting date. It was obviously, as the real party in interest, Mr. Attorney Mitchell's responsibility to submit appropriate documentation to the court to establish his entitlement to Section 406B fees. In his submission, he did not submit an award notice. He did not even in one case submit the ALJ's decision. And the District Court judge did, after reviewing the history with respect to the courts of appeals and the statute of limitations for 406B purposes, found that the only applicable starting date in this case, by virtue of what Mr. Mitchell submitted, was the ALJ's decision. And he found that in one case... It says we did not object on the grounds of timeliness. And the District Court judge made its determination of untimeliness sui sponte. That is correct, Your Honor. So Mr. Mitchell was not given any specific direction, either by notice of your objection or from the District Court, to file documentation indicating when he learned of the award? He was not, Your Honor. However, in one case, I think it's three years and eight... In the Walker case, I believe, it was three years and eight months past. And in the Garris case, it was nearly two and a half years past from the time the ALJ issued the decision. Now, in our records, Your Honor, and please stop me, because Mr. Mitchell went into extra record evidence, and we don't think that should be considered. But our records, in fact, show that in both cases, within four months in the Walker case and within six months in the Garris case, a notice of award went out. Notice of award went out to the claimants, along with a letter. Our records show that a notice of award was, in fact, sent to Mr. Mitchell. We have no indication that it was ever returned as being undeliverable. Secondly, in the Garris case in particular, we have a copy of a letter which Mr. Mitchell faxed to a Social Security representative in 2005. And I can give you the... But notwithstanding the delay, in the Walker case, you agreed to pay him $7,000? At the... The agency did, at the administrative level, pursuant to Section 406A, yes, Your Honor. And, in fact, the motion that he filed, as it applied to the Walker case, was for the balance of what the 25% would represent? That is correct. So, not only didn't you object, you affirmatively paid the $7,000, even though there had been substantial delay in the request for fees? Well, we didn't... That was a decision made by the administrative law judge, Your Honor. I understand that. I understand that. But whoever made the decision, it was paid. That is correct. And what... Is that issue here, or is the remaining in the Walker case? It is the remaining issue. Should we have some... Since it doesn't appear there's anything specific that applies to the time in which the motion should be filed, except for 54D. Should we have some supervisory rule that would direct the district courts to stay the timeliness of the filing of the award for attorney's fees, to say, you know, 20 days or 14 days after the notice from the ALJ? To stay, did you say? I'm sorry, Your Honor. In other words... I mean, I can see... My point is, there's a question of whether he received notice. But there's certainly a lot of confusion here as to when these motions for counsel fees need to be filed. Particularly, where in a case like this where he's trying to claim the balance, and there had to be some period of time involved with a remand, and the determination by the ALJ of how much the ALJ would pay of what he was entitled to. Your Honor, obviously, whether the court decides to set a rule is obviously up to the court. But as a general matter, it's our current belief that whether it be Rule 54D or Rule 60B6, which the courts of appeals have addressed, either would be appropriate. There is a major plus in having some sort of certainty or some sort of time limit with respect to filing the Section 406B motions. I mean, it benefits the claimant because, after all, it is his or her money that's being withheld. And if the issue is resolved and there's money left over, that money will be distributed to the claimant. It helps SSA as a fiduciary, because we don't have a direct interest in it. It's the claimant's money, but it helps SSA as a fiduciary in a sense of allowing, of working, or seeing to it that the claimant does get his or her past due benefits, if there are any past due benefits remaining after the payment of attorney's fees. It helps SSA as a litigate. In a sense, it helps us clear our own cases, because some of these cases stay open for a rather long period of time, in the sense of 406B. And I would assume, Your Honor, it would also help the court, some sort of limitations period, in controlling its docket. So there are certainly benefits to a limitations period. And in this case, Your Honor, the district court judge did what was appropriate under the circumstances, considering it was Attorney Mitchell's responsibility to come forward with evidence to establish his entitlement to fees. There was no award notice or any other documentation contained in his petition. To substantiate the amount of past due benefits, so the district court chose the only date it had available to it, namely, in both cases, namely, the ALJ's decision. And taking into consideration the courts of appeals that have considered the limitations issue, found that under Rule 54D2 or Rule 60B6, Mr. Mitchell's, Attorney Mitchell's, fee petition was untimely. In one case, as I said, I believe it was three years and eight months. In the other case, it was approximately two years and six months. And if the court has any other questions? I'm content. Thank you. Thank you, Your Honor. Mitchell, rebuttal. Thank you, Your Honors. In rebuttal, first I'm going to address, as previously stated, there's a lawful binding agreement between the parties, the claimant and myself, in both cases. And with that lawful binding agreement, I performed my duties in congruent with that agreement and in expectation of doing what I was expected to do in that agreement. And a successful result was obtained. The claimant could not obtain themselves without my help. The claimant was compensated, and I want to be rightfully compensated. Looking at this, to go through all these different steps to get to a favorable decision, and bar none, like I said earlier, it's nice to see all of you gentlemen. But to come here and then you have to fight for your money like this, it's not right. And it's a domino effect that's involved in this. And this case has a big, big impact on that for other attorneys that do this work. It's a deterrent for attorneys that have to go through all this and fight for your money. You wait for years, and you expend your money, and you do the right thing, and you're not paid. That's not right. And that's not a good message to send. Did I correctly understand you to say that there was nothing withheld from a claimant here during the investigation? Absolutely not. The claimant was paid in a timely fashion. They have already received their money, spent their money, and I'm the one left in the ring fighting for my money. There was no delay whatsoever to the claimant. And in the case that counsel was referring to, that case was Garland. Nothing was withheld for counsel fees. Oh, it was withheld for counsel fees. But what I'm saying as far as what was due to the claimant after 25% was taken out and withheld, that money was paid to the claimant. And the claimant received their money in a timely fashion. What's in the balance is my fees, my money that I should be paid. Hopefully I should be paid. I pray that they do. And I'll be very thankful that they do, because that's my livelihood. And I want what I earn. Nothing more, nothing less. In Garland, the case that he's referring to, in that case, counsel caused a delay in the payment of attorney fees to the claimant. I mean, not attorney fees, he caused a delay in the payment of the benefits in his processing of the case. And in that case, the court said, you're not entitled to it because of the sloppy work you did. And that's why it was denied. That's in Garland. I haven't done that. My case is distinguished from that. I did high-quality work and I've seen that the claimant was taken care of and things were adjudicated appropriately. And there was no indication in the court, nor in the transcript, nor in the... proceedings of any delay that was unnecessary. The case went from beginning to end in a timely fashion and appropriately. The other thing that I wanted to point out. There was a notice that was sent, but look when it was sent. It was sent on September 10th, 2007 in a Walker case saying what the attorney's fees were. I filed my fee petition in court on October 17, 2007, and I didn't get a notice. I also filed my administrative law judge fees for the administrative level, which was approved and paid in October that year, which was after this notice. How can I, what can I do or how can I do anything and respond appropriately if I'm not properly notified? It's not only in this case. You could get a notice of award from the agency just with your motion, but you can't get a notice of award. If they computate it and it's a process. I agree, you should be able to do that, but with so many cases that they have, so many cases that I have, so many cases pending, so many issues and things that you have to go through, it's a dire process. It's climbing a rope and trying to jump it at the same time. And I stipulate to my same arguments that I stated earlier, and that's my position. I just want to make sure that you understand. I just want to be paid fairly.